**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated:  March 3 2026

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 26-30246 |
| SFR ATL OWNER 1,L.P., SFR ATL OWER 1 GP, L.L.C., | Chapter 7, Involuntary |
| And, | Judge John P. Gustafson |
| STAR 2021-SFR2 Borrower GP, L.L.C., | |
| Alleged Debtor(s). | |
| And either Alleged Debtors or Alleged "a.k.a." designations: | |

Catherine Wolfe, Invitation Homes, Mainstream, Dekalb County Sheriff Office, Dekalb County Police Department, Dekalb County Magistrate Courts, William Curphey Essex Ti, Roszina Jones, Jewell E. Williams, Johnie F. Jones, and Brian Kendelan

## SECOND ORDER TO SHOW CAUSE WHY THE ABOVE CAPTIONED INVOLUNTARY BANKRUPTCY CASE SHOULD NOT BE DISMISSED

This cause comes before the court on the responses filed to the court's Order to Show Cause entered on February 11, 2026. Petitioning Creditors filed multiple responses on February 26, 2026. [Docs. ##6, 7, 8, 9, 10, 11 and 12]. The documents filed by Petitioning Creditors did not remedy the deficiencies that the court's Order To Show Cause required to be corrected. Instead, the filed documents request various forms of relief and assert that the required corrective actions will be taken at some unspecified time in the future.

A number of additional issues are of great concern to the court. First, it appears that Petitioning Creditors continue to seek to proceed against multiple Alleged Debtors despite having filed only a single involuntary bankruptcy Petition, while tendering (albeit to an improper payee) only a single filing fee. Because Petitioning Creditors have not selected one of the two Alleged Debtors listed in the original caption – either "SFR ATL Owner 1, L.P." or "SFR ATL Owner 1 GP, L.LC."[1] – the court must address the secondary issue of what now clearly appears to be an attempt to include the following entities as Alleged Debtors in this involuntary case: "DeKalb County Sheriff Office", "DeKalb County Police Department" and "CT Corporation System". Second, the Petitioning Creditors, all of which appear to be business entities, assert they should be permitted to appear through a non-attorney representative, Nzinga Begum, based upon an alleged power-of-attorney and/or fiduciary status and/or under "inherited and subrogated rights within Indian country. . .". [Doc. #8, p.1]. Third, the name of one of the Alleged Debtors (the name listed on the first page of the Involuntary Petition filed with the court) does not match the name of the entity on the handwritten Summonses filed with the court. [Doc. #12, p. 7].

### 1. An Involuntary Petition May Only Be Filed Against A Single Alleged Debtor.

Petitioning Creditors have submitted five separate "Summons To Debtor In Involuntary Case". [Doc. #12]. The captions at the top of the Summonses list what appear[2] to be the following named "Debtors": 1) Invitation Homes; 2) DeKalb County Sheriff Office; 3) DeKalb County Police Department;

---

[1] Or in the alternative, to demonstrate through appropriate documentary evidence that what appear to be two separate named business entities are, in fact, only one business entity.

[2] The Summonses are handwritten and difficult to read.

26-30246-jpg    Doc 13    FILED 03/03/26    ENTERED 03/03/26 13:58:19    Page 2 of 17

4) Star 2021 SFRI Borrower L.P.; and 5) Jewell E. Williams, et al.[3]  In addition, the caption of a document titled: "Notice of Leave to Add Matrix and Extend Time to Pay Fee" reflects that the Alleged Debtor is "In re: CT Corporation System, et al." [Doc. #11, p. 1], an entity not listed in the original involuntary Petition.

Section 303(a) provides that an involuntary case may only be commenced against "a person". Courts have noted that the use of the word "person" in the statute is singular, and have interpreted the statute as allowing involuntary Petitions to list only one Alleged Debtor.  As the Sixth Circuit Court of Appeals has stated: "The weight of authority holds that there is no provision in the code for joint involuntary cases." *Woodward East Project, Inc. v. Allard (In re Woodward East Project, Inc.)*, 54 F.3d 778 (unpublished), 1995 WL 302250 at *1, 1995 U.S. App. LEXIS 11832 at *3 (6th Cir. May 17, 1995); *see also*, *Hujazi v. Recoverex Corp. (In re Hujazi)*, 2017 WL 3007084 at *10, 2017 Bankr. LEXIS 1963 at *24 (9th Cir. July 14, 2017)("The Bankruptcy Code does not permit joint involuntary petitions against multiple debtors."); *In re Skybridge Spectrum Foundation*, 2021 WL 2326595 (Bankr. D.D.C. June 3, 2021)("the individual entities alleged to comprise it may not be alternatively joined as multiple debtors within a single involuntary petition under § 303(a)."); *In re Western Land Bank, Inc.*, 116 B.R. 721, 723-724 (Bankr. C.D. Cal. 1990)("the involuntary petition before this court is not against a single debtor but is against various parties including Western Land Bank, alleged to be also known as Port Kendall, and Movants, joined in a single petition. Therefore, the joint involuntary petition filed by Singh is not authorized under Section 303."); *In re Anderson*, 94 B.R. 153, 156 (Bankr. W.D. Mo. 1988)("there is no provision in the Code for joint involuntary cases."); *see also*, 11 U.S.C. §303(d), (e), (f), (g), (h), and (i)(the subsections of the statute use the singular term: "the debtor . . .").

The provision for dismissal found in §303(j) permits an even stronger inference that the singular usage was intentional, as it allows a court to "dismiss a petition filed under this section  - (2) on consent of all petitioners and the debtor".  If multiple Alleged Debtors were permitted in an involuntary case, this

---

[3]/  It is unclear who, or what entities, are encompassed by "et al.".  Federal Rule of Bankruptcy Procedure 1005 requires the listing of "all other names used within eight years before the filing of the petition", but where a petition is not filed by the debtor (as in the case of an involuntary petition) "it shall include all names used by the debtor are known to the petitioners." Here, if the intention was to indicate there were unknown alternative names, the Summons could have stated "AKA's unknown".  In contrast the use of "et al." could be takes as an indication – particularly when reviewed with the original Petition – that there are additional un-named Alleged Debtors.  This would be improper because: 1) the Summons would not provide due process notice to the unnamed additional Alleged Debtors; and 2) as will be discussed, Petitioning Creditors cannot bring an involuntary bankruptcy proceeding against multiple Alleged Debtors through a single Petition.

provision would appear to allow the entire petition to be dismissed with the consent of only one debtor. Instead, the better reading of that provision is that Congress understood the same rule that the case law has recognized: that only a single Alleged Debtor is allowed to be listed in an involuntary Petition.

This interpretation also follows the general rule in bankruptcy that a separate petition is required for each debtor. The only exception to the general rule being that married couples may file joint voluntary petitions. *See*, 11 U.S.C. §302(a). Despite this general exception for spouses where they file joint voluntary bankruptcy case, courts have held that even the filing of a joint *involuntary* petition against a married couple is not permitted.

As Collier on Bankruptcy[4] states:

> Section 302 applies only in voluntary cases; it speaks of a joint petition *by* an individual and the individual's spouse. A creditor may not file an involuntary joint petition against an individual and the individual's spouse.

2 Collier on Bankruptcy, ¶302.02[1] (16th Ed. 2026)(emphasis in original).

Collier supports this statement by citation to several cases, including *In re Benny*, 842 F.2d 1147 (9th Cir. 1988), *cert. denied*, 488 U.S. 1014, 109 S.Ct. 806, 102 L.Ed.2d 796 (1989), which states:

> Section 303(a) specifically directs that an involuntary petition may be commenced "only against a *person* [singular] ... that may be a debtor [and not debtors] under the Chapter under which such case is commenced" and does not mention joint cases. (emphasis added). Moreover, only a "person" is amenable to adjudication as an involuntary bankrupt and the Bennys, as a married couple, cannot together constitute a "person" within the purview of 11 U.S.C. § 303(a) (1982 & Supp. IV 1986). *See Matter of Busick*, 719 F.2d 922, 926 n. 7 (7th Cir.1983).

*Benny*, 842 F.2d at 1148-1149; *see also*, *King v. Fidelity Nat'l Bank*, 712 F.2d 188 (5th Cir. 1983), *cert. denied*, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *Bank of America, N.A. v. Weese*, 277 B.R. 241, 242-243 (Bankr. D. Md. 2002).

Here, at least five Alleged Debtors have been listed in the involuntary Petition. If this involuntary bankruptcy case is going to proceed to the point where a Summons is issued, Petitioning Creditors need to pick one, and only one, of the listed Alleged Debtors. The legal question of whether an involuntary

---

[4]/ The Supreme Court has described Collier on Bankruptcy as a "leading treatise" on bankruptcy law. *See e.g.*, *Bullard v. Blue Hills Bank*, 575 U.S. 496, 505, 135 S.Ct. 1686, 1694, 191 L.Ed.2d 621 (2015).

case may proceed, despite a defective initial Petition, is not as settled as the law prohibiting multiple Alleged Debtors. Some courts have held that filing with multiple Alleged Debtors is a defect requiring immediate dismissal. *See*, *In re Jones*, 112 B.R. 770 (Bankr.E.D.Va.1990); *In re Anderson*, 94 B.R. 153 (Bankr.W.D.Mo.1988); *In re Calloway*, 70 B.R. 175 (Bankr.N.D.Ind.1986). Other courts, including an Ohio bankruptcy decision, *In re Bowshier*, 313 B.R. 232, 235-237 (Bankr. S.D. Ohio)(citing cases), allow the procedural defect to be cured by dismissal of the surplus alleged debtors.

At this stage of the case, the court will not dismiss the involuntary case. Instead, the Petitioning Creditors will be given the opportunity to file an Amended Petition, using the current version of the Official Form, listing one, and only one, Alleged Debtor. If a second entity is alleged to be an alter ego of the Alleged Debtor – an allegation that must not be made unless it meets the requirements of Federal Rule of Bankruptcy Procedure 9011 – the alleged alter ego entit(ies) shall be listed in the section of the Petition for "ALL OTHER NAMES used by the debtor in the last 8 years".

### 2. Municipalities And Government Units Are Not Subject To Involuntary Bankruptcy Petitions.

The Petitioning Creditors may not select, as the single Alleged Debtor, or as an "alter ego", either the DeKalb County Sheriff Office or the DeKalb County Police Department. The Bankruptcy Code does not allow involuntary bankruptcy petitions to be filed against either of these entities.

An involuntary case may be commenced "only under chapter 7 or 11[5] against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced." §303(a). Section 109(a) sets forth "only a person ... or a municipality, may be a debtor under this title." The Bankruptcy Code defines the term "Person" as including an "individual, partnership, and corporation, but does not include a governmental unit...." §101(41). In contrast, a "municipality" is a "political subdivision or public agency or instrumentality of a State." §101(40). A "municipality" is included in the definition of a "governmental unit". §101(27).

Thus, a "municipality" or "governmental unit" is not permitted to be the subject of an involuntary

---

[5] Similarly, §303(b) states that: "An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title - . . ."

26-30246-jpg    Doc 13    FILED 03/03/26    ENTERED 03/03/26 13:58:19    Page 5 of 17

petition because it is not a "'person" as required by §303(a). Municipalities[6] are permitted to file bankruptcy only under Chapter 9, if the restrictive criteria for such a filing have been met. *See*, §109(c); *In re Rusciano*, 2020 WL 111470 at *3, 2020 Bankr. LEXIS 53 at *8 (Bankr. D.N.J. Jan. 8, 2020)("a municipality may only file for bankruptcy protection under Chapter 9.").

Because involuntary cases may only be commenced under chapters 7 and 11, and "municipalities" are limited to voluntary proceedings under Chapter 9, municipalities are not subject to involuntary bankruptcies. *See*, *Lyda v. City of Detroit (In re City of Detroit)*, 841 F.3d 684, 697 (6th Cir. 2016)("nor is there any provision for involuntary bankruptcy; the city alone files its chapter 9 petition with the consent of the state, 11 U.S.C. § 109(c)(2)."); *In re Richmond Unified School District*, 133 B.R. 221, 225 (Bankr. N.D. Cal. 1991)("A Chapter 9 case may be commenced only by the debtor; no provision is made in the Bankruptcy Code for the filing of an involuntary Chapter 9 case to protect the interest of creditors."); *Deocampo v. Potts*, 836 F.3d 1134, 1140 (9th Cir. 2016)("Further, 'there are no involuntary [C]hapter 9 cases,' . . . and Chapter 9 proceedings may be commenced only by a municipality that 'desires to effect a plan to adjust [its] debts' and files a voluntary petition to do so, with authorization from the state.")(citations omitted); 2 Collier on Bankruptcy, ¶303.03 (16th Ed. 2026)("For example, by precluding the filing of an involuntary petition under chapter 9 against a municipality, section 303 cannot be used by disgruntled city contractors to seek revenge against a city to the detriment of the citizenry.").

This case law is further supported by legislative history:

> Involuntary cases are not permitted for municipalities, because to do so may constitute an invasion of State sovereignty contrary to the Tenth Amendment, and would constitute bad policy...."

House Report No. 95–595, 95th Cong., 1st Sess. 321 (1977), U.S.Code Cong. & Admin.News 1978, p. 6278; Senate Report No. 95–989, 95th Cong., 2d Sess. 31 (1978), U.S.Code Cong. & Admin.News 1978, p. 5818.

Bankruptcy courts are courts of limited jurisdiction. The Bankruptcy Code does not allow involuntary bankruptcy petitions to be filed against "municipalities" or "governmental units".

---

[6]/ "A 'municipality' is included in the definition of 'governmental unit' in section 101 of the Bankruptcy Code. 'Governmental unit' is specifically excluded from the section 101 definition of 'person,' except for certain limited circumstances. Therefore, even though a particular municipality may be a corporation, which is included in the definition of 'person,' the municipality still is not a 'person' as defined because 'governmental unit' is specifically excluded from the definition of 'person.'" 6 Collier on Bankruptcy, ¶900.02 (16th Ed. 2026).

Accordingly, Petitioning Creditors may not designate either DeKalb County Sheriff Office or DeKalb County Police Department as Alleged Debtors in any subsequent filings. If one of those entities is designated as the Alleged Debtor in the Amended Petition, the case will be dismissed without further notice or hearing.

### 3. Petitioning Creditors May Not Select "CT Corporation System" As The Alleged Debtor.

A handwritten document was filed, designated as: "Notice of Leave to Add Matrix and Extend Time to Pay Fee" [Doc. #11]. Petitioning Creditors verified this document through (apparently) Roszina Jones and Jewell Williams [Doc. #11, p. 3]. The caption of this document reflects the Alleged Debtor's name as: "In re: CT Corporation System, et al." [Doc. #11, p. 1]. Further, in Document #9, the assertion is made that: "This matter concerns an involuntary bankruptcy petition filed on February 10, 2026 against CT CORPORATION SYSTEM, ET AL REGISTERED AGENT FOR ALL DEBTORS". [Doc. #9, p. 2].

CT Corporation System was not named as an Alleged Debtor in the original involuntary Petition filed by Petitioning Creditors. Document #9 asserts that "The Petitioning Creditors respectfully respond to the Court's Order to Show Cause and assert that a clerical misnomer and omission of a listed debtor created procedural confusion not attributable to the Petitioners." [*Id.*] The court rejects this statement, as any errors, clerical or otherwise, were not made by the court or the court's staff. To the extent these alleged clerical errors were made by Petition Creditors, those errors are attributable to them, and they must bear the consequences of their failure to properly prepare and file the involuntary Petition.

An involuntary bankruptcy case is commenced by the filing of a Petition. 11 U.S.C. §303(b). While there is case law that might suggest a path allowing a bankruptcy case filed against multiple Alleged Debtors to go forward through the dismissal of all but one of the listed persons or entities, there appears to be no basis for allowing an involuntary bankruptcy to go forward against an entity not named in the original Petition.[7]

CT Corporation System may be an agent for service of process for one or more of the Alleged Debtors named in the original involuntary Petition. However, that is not a sufficient basis for CT

---

[7] One major problem with permitting a change in the Alleged Debtor to an entity not originally named in the involuntary Petition would be interpreting what property or actions were subject to the automatic stay in the period prior to the amendment listing the new Alleged Debtor.

Corporation System to be listed as the Alleged Debtor for all or some of the entities[8] for which it provides notice services. The legal issue here is not based on service of process on all Alleged Debtors by virtue of a single named entity. Instead, at issue is the substantive statutory right of an Alleged Debtor in an involuntary bankruptcy to receive allegations specific to that entity (and only that entity), and to be able to answer those allegations against it, and participate in an individual trial to determine if the Alleged Debtor should be adjudicated a bankrupt.

If Petition Creditors wish to proceed against CT Corporation System, and can meet the factual predicates for the filing an involuntary Petition against CT Corporation System (as a business entity that owes the Petitioning Creditors undisputed unsecured debts that are not being paid when due) then a new involuntary Petition will need to be filed to commence such an action.

Accordingly, if CT Corporation Systems is designated as the Alleged Debtor in the Amended Petition, this case will be dismissed without further notice or hearing.

### 4. Only "Individuals" May Represent Themselves In A Federal Court Proceeding. Any Other Type Of Entity Must Be Represented By A Licensed Attorney.

The prior Order To Show Cause issued by this court on February 11, 2026 required "cause" to be shown by curing the issues enumerated in that Order, or the case would be dismissed. [Doc. #3]. Responses to this Order to Show Cause were filed on behalf of "Petitioning Creditor Nzinga Begum, Attorney-in-Fact and Fiduciary for Jubabes Heating & Cooling, LLC" [Doc. #6, 7 & 8]; and 2) the "Petitioning Creditors, by and through Nzinga Begum, Attorney-in-Fact and Fiduciary". [*See*, Doc. #9, p. 2].

The filed involuntary Petition listed the following Petitioning Creditors: Jubabes Heating & Cooling, LLC, Smile (or "Smite") The Blight Community, Heirs Of Ancestral Lands, and You People Cooperative. Nzinga Begum was not listed as a Petitioning Creditor in the Involuntary Petition in an individual capacity. [Doc. #1].

Each of the responses to the court's Order to Show Cause were filed by Nzinga Begum as "Attorney-in-Fact and Fiduciary" or misstating that Nzinga Begum was a Petitioning Creditor. There is

---

[8]/ CT Corporation System provides notice services to thousands of entities. Petitioning Creditor's apparent position is absurd. If naming it as an Alleged Debtor were permitted, would all of those entities that it serves as an agent for service of process be required to file an answer?

no evidence before the court that Nzinga Begum is an attorney licensed to practice law before this court.

Because these document were not filed by a licensed attorney, each of the filings made in response to the court's previous Order to Show Cause are improper because they are responses by artificial entities (*i.e.*, not "individuals" under the Bankruptcy Code [*i.e.*, flesh-and-blood human beings]) and those entities are not represented by licensed counsel.

In the earlier Order to Show Cause the court Ordered: "Petitioning Creditors must Show Cause why the filing of this case by a non-attorney, on behalf of business entities, does not violate the rule requiring such entities to be represented by an attorney-at-law. *See*, *Rowland v. California Men's Colony*, 506 U.S. 194, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)."

While the filed responses speak to obtaining counsel (if required) at some future time – the responses themselves have been filed by a non-attorney and do not comply with the requirement that such pleadings must be filed by a licensed attorney.

In addition to the Supreme Court's decision in *Rowland*, the Sixth Circuit Court of Appeals has held that: "A corporate officer may not appear in federal court on behalf of the corporation; rather, the corporation must be represented by counsel. *See Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir.2005); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir.1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir.1970). Accordingly, the district court properly denied the Rule 12(b)(6) motion to the extent that Merklinger brought the motion on behalf of EAL." *SEC v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012).

Other jurisdictions have applied the *Rowland* rule that all types of artificial/business entities must have counsel in order to litigate in federal court. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552 (10th Cir. 2001); *Old Ben Coal Co. v. Office of Workers' Compensation Programs*, 476 F.3d 418, 419 (7th Cir. 2007); *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006); *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022); *Bigelow v. Brady* (*In re Bigelow*), 179 F.3d 1164 (9th Cir. 1999); *Fingerhut Corp. v. Ackra Direct Mktg. Corp.*, 86 F.3d 852 (8th Cir. 1996); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S. Ct. 799, 88 L. Ed. 2d 775 (1986); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004 (5th Cir. 1984), *cert. denied*, 469 U.S. 1217, 105 S. Ct. 1198, 84 L. Ed. 2d 342 (1985); *Jones v. Hardy*, 727 F.2d 1524 (Fed. Cir. 1984); *In re Las Colinas Dev. Corp.*, 585 F.2d 7 (1st Cir. 1978), *cert. denied*, 440 U.S. 931, 99 S. Ct. 829, 59 L. Ed. 2d 29 (1979); *Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966).

Although many of the cases requiring representation by counsel deal with corporations, the same rule applies to trusts appearing in federal court: *Reddy v. American Express National Bank*, 2025 WL 1231955 at *2, 2025 U.S. Dist. LEXIS 81056 (S.D. Ohio April 29, 2025)(citing *Williams Hurst Gardens*); and, *Williams Huron Gardens 397 Trust v. Township of Waterford*, 2019 WL 2051967 at *3, 2109 U.S. Dist. LEXIS 50454 at *9-10 (E.D. Mich. Feb. 28, 2019)("the consensus among courts is that trusts must be represented by an attorney" ... [the rationale in *Rowland*] "has been extended to artificial entities such as trusts. *See Fields-Bey v. Lipford*, 2012 WL 1023049 (W.D. Tenn. Mar. 26, 20120); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994)("A nonlawyer, such as these purported "trustee(s) pro se" has no right to represent another entity, i.e., a trust, in a court of the United States.")(citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987)); *Keyway Leasing Trust v. United States*, 1999 WL 810386 (W.D. Mich. Aug. 26, 1999); *Marshall v. Wells Fargo Advisors, LLC*, 668 Fed. Appx. 874 (11th Cir. 2016) (A trust "can act only through agents, cannot appear pro se, and must be represented by counsel.")(quoting *Palazzo v. Gulf Oil Corp*., 764 F.2d 1381, 1385 (11th Cir. 1985)).

With equal force, the *Rowland* rule applies to Limited Liability Companies: *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms . . ., a limited liability company also may appear in federal court only through a licensed attorney."); *Roscoe v. U.S*., 134 Fed. App'x 226, 227 (10th Cir.2005)("The LLC was dismissed as a plaintiff because it was not represented by counsel in the district court.  Similarly, no counsel has entered an appearance for the LLC in this court.  As they did in the district court, appellants contend that the LLC can proceed pro se in this appeal.  But it cannot.); *Black Fountain Music v. Influence Restaurant*, 2025 WL 375057 at *2, 2025 U.S. Dist. LEXIS 18395 at *4 (N.D. Ga. Feb. 3, 2025)("First, pro se litigants cannot file on behalf of limited liability companies."); *Miniard v. LFUCG Div. Code Enf't*, 2023 WL 2587474, at *6, 2023 U.S. Dist. LEXIS 46876 at *14 (E.D. Ky. Mar. 21, 2023)("Accordingly, LLCs (such as RUBG) may only appear in court through a licensed attorney and may not be represented by a member proceeding pro se"); *Century 21 Real Estate, LLC v. Everitt*, 2009 WL 187704 at *1, 2009 U.S. Dist. LEXIS 4797 at *2 (E.D. Mich. Jan. 23, 2009)("The rule requiring representation by a licensed attorney applies to all artificial entities, including limited liability companies (LLCs)"); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (N.D. Ohio 2001)(dismissing chapter 7 case filed by limited liability company not represented by licensed counsel)).

10

Federal Rule of Bankruptcy Procedure 9010(a) does not change this requirement that a licensed attorney must represent corporations, partnerships, LLCs, trusts, and other similar entities or associations in federal court.

> Bankruptcy Rule 9010 does not expand a lay person's authority to appear in court on behalf of another. While the rule authorizes a debtor's agent to appear in a bankruptcy case and act in the debtor's behalf, it specifically limits that authority to acts not constituting the practice of law. The Advisory Committee Notes confirm that the rule "does not purport to change prior holdings prohibiting a corporation from appearing pro se."

*In re ICLNDS Notes Acquisition, LLC*, 259 B.R. at 295 (footnote omitted); *see also*, *Terry v. Sparrow*, 328 B.R. 442, 446 (Bankr. M.D.N.C. 2005)("In the bankruptcy context, Federal Rule of Bankruptcy Procedure 9010 provides that an individual may appear in Bankruptcy Court on his or her own behalf, but the comments to Rule 9010 make clear that this rule is not designed to change the general rule precluding corporations from appearing pro se."). Under Rule 9010(a), only acts which do not constitute the unauthorized practice of law are permitted. Here, the filings by Nzinga Begum on behalf of the Petitioning Creditors constitute the unauthorized practice of law.

Nor is the *Rowland* rule altered by the existence of a power of attorney conferring "attorney-in-fact" status. *See*, *In re HRN Group, LLC*, 2020 WL 4192489 at *1, 2020 U.S. Dist. LEXIS 127859 at **1-2 (N.D. Ga. July 21, 2020)("HRN is attempting to proceed 'pro se' through Jason J. Morton as 'Power of Attorney in fact' of HRN or 'Beneficial Interest Holder and Executor.'" . . . "HRN, as a limited liability company, cannot proceed pro se—that is, it cannot represent itself in court. In order to proceed in this Court, HRN must be represented by counsel authorized to practice in this Court."); *In re Cabebe*, 2017 WL 2062850 at *5, 2017 Bankr. LEXIS 1325 at *13 (Bankr. D. Hawaii May 11, 2017)("Williams moved to set aside the entry of default as to MEI, purportedly acting as 'attorney in fact' for MEI, but the request for relief is not properly before the Court, as Williams is not personally named as a defendant to the action, and he is not an attorney licensed to practice law in Hawaii, or anywhere else, and may not act as an attorney for MEI."); *In re Kee*, 2015 WL 5860492 at *2, 2015 Bankr. LEXIS 3402 at *6 (Bankr. E.D. Pa. Oct. 7, 2015)("Segment purports to act pro se as attorney-in-fact for Marlton Auto, the claimant in this bankruptcy case. A party may not appear pro se in court in the capacity as an attorney-in-fact for another party. Such conduct constitutes the unauthorized practice of law.").

Similarly, "federal courts have long held that § 1654 preserves a party's right to proceed pro se,

but only on his own claims." *Harris v. Wells Fargo Bank, N.A.*, 2019 WL 3080764 at *4, 2019 U.S. Dist. LEXIS 92562 at *11 (W.D. Tenn. March 18, 2019)(citing, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993)("save in a few aberrant cases, the lower courts have uniformly held that 28 U.S. C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

The assertion that some dispensation from these rules applies under "inherited and subrogated rights within Indian country. . ." [Doc. #8, p.1] is not supported by any citation to any legal authority. The United States Supreme Court recently held: "We conclude that the Bankruptcy Code unequivocally abrogates the sovereign immunity of any and every government that possesses the power to assert such immunity. Federally recognized tribes undeniably fit that description; therefore, the Code's abrogation provision plainly applies to them as well." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382, 388, 143 S.Ct. 1689, 1696, 216 L.Ed.2d 342 (2023). Moreover, all of the Petitioning Creditors are entities, not human beings. Thus, any special claim of legal status based upon the membership of non-human entities in any recognized Native American Tribes is dubious, and there is no record evidence to support such a claim.

Courts facing the filing of an involuntary petition by a non-attorney have dismissed the involuntary bankruptcy case.

> The Petitioning Creditors, however, cannot represent themselves in the trial process. Even more pressingly, the Petition cannot be construed as an effective representation in federal court of the Petitioning Creditors because it was not filed, or adopted, by an attorney representing any of them. Because the Petition is not an effective legal representation of the Petitioning Creditors, it cannot stand on the record. The appropriate remedy for the filing of improper pro se pleadings is to strike them. *In re Railyard Co., LLC*, 2018 WL 4381515, at *4 [2018 Bankr. LEXIS 2795 at **10-11] [(Bankr. D.N.M. Sept. 12, 2018) (citing numerous cases).

*In re Castella Imports, Inc.*, 2020 WL 2121259 at *2, 2020 Bankr. LEXIS 1179 at *3 (E.D.N.Y. May 1, 2020) (dismissing involuntary chapter 7 case filed by artificial entities not represented by licensed counsel); *see also*, *Naja v. United States Trustee*, 2021 WL 858832 at *3, 2021 U.S. Dist. LEXIS 42299 at **8-9 (M.D. Pa. March 8, 2021)(affirming case dismissal of involuntary Chapter 7 based upon filings

having been made without licensed counsel); *see also, Security and Exchange Comm'n v. Johnson*, 2022 WL 17251965 at *3, 2022 U.S. Dist. LEXIS 216255 at **7-8 (C.D. Cal. Nov. 15, 2022)("The court also finds Mr. Ritchie may not appear on behalf of a limited liability company, such as Defendant NVC Fund, LLC, as a non-attorney. . . . Accordingly, the court concludes it may not consider the filings from Mr. Ritchie and STRIKES the filings at Docket Nos. 164, 165, 166, 171, 172, 173, 177, 178, 179, 181, 182, 183, 184.")

Petitioning Creditors having failed to comply with the court's February 11, 2026 Order to Show Cause, the court will set a second deadline for obtaining licensed counsel. If the Petitioning Creditors have not obtained a licensed attorney to represent them in the involuntary bankruptcy case by the deadline set forth below, the court will dismiss the above captioned case under Section 303(j)(3), retaining jurisdiction over sanctions under 11 U.S.C. Section 303(i) and potential remedies under Section 303(k).

### 5. Petitioning Creditors Have Failed To Properly Identify The Legal Name Of At Least One Alleged Debtor.

A review of the documents filed in this case reflect that the Petitioning Creditors have failed to properly identify at least one of the Alleged Debtors. Properly identifying an Alleged Debtor is extremely important in an involuntary bankruptcy proceeding, as the named entity may be required to respond or be adjudicated a bankrupt.

In this case, Petitioning Creditors have identified the "Name of Debtor" at the top of the original involuntary Petition as including Alleged Debtor: "SFR ATL OWNER 1, L.P." and what appears to be a second[9] Alleged Debtor "SFR ATL OWNER 1 GP, L.L.C." [Doc. #1, p. 1]. While the court is not making a finding regarding these two listed entities, it at least appears that they are two separate entities (perhaps related) with the first one possibly a limited partnership, and the other a limited liability company. For purposes of this discussion only, the court will assume these are two separate entities. While the Petition can only properly name one of these entities as an Alleged Debtor, if one of these two entities is selected, the name of the entity so selected must be its correct legal name, and that identical correct legal name must be used on – for example – the Summons submitted for service on the Alleged Debtor.

In the initial filing, an improper second Petition page was filed – with the handwritten notation

---

[9]/ As previously discussed, only one Alleged Debtor may be named on an involuntary bankruptcy Petition. This section addresses a separate problem – the failure to identify the listed Alleged Debtors in a consistent manner.

"Supplemental" on the top right. [Doc. #1, p. 3 & 7]. This second "Petition" page lists "STAR 2021-SFR2 Borrower GP, L.L.C." as the Alleged Debtor. It is not clear if this is an entity separate from the first two "SFR" Alleged Debtors discussed above.

The response to the court's February 11, 2026 Order to Show Cause included handwritten proposed Summonses. The Summons that may be intended for the entity that had originally been listed as "STAR 2021-SFR2 Borrower GP, L.L.C." reflects the name of the "Debtor" as "STAR 2021-SFR1 Borrower L.P." [Doc. #12, p. 7]. This changes "SFR2" to what appears to be "SFR1" and changes "GP, L.L.C." to "L.P.". If this is yet another different entity, the Summons is improper because that Alleged Debtor was not listed in the original involuntary Petition. If it is intended to be one of the three entities that were listed, the name does not exactly correspond to any of the legal names on the original Petition.

**6. Petitioning Creditors Have Responded To The Court's Order To Show Cause By Talking About Taking Corrective Actions In The Future, Rather Than Actually Taking The Required Corrective Actions. This Does Not Comply With The Court's February 11, 2026 Order To Show Cause.**

The court would be fully justified in immediately dismissing the above captioned case based on Petitioning Creditors' deficient response to the court's Order to Show Cause. The Order to Show Cause required that the Petitioning Creditors take action by doing the following actions:

> To show cause why this case should not be dismissed, Petitioning Creditors must address these material defects in their filing by:
> 1. Filing complete and proper amended forms and documents, including clearly identifying the person who is the Alleged Debtor;
> 2. Having an attorney-at-law admitted to practice in the Northern District of Ohio enter an appearance of record in this case;
> 3. Paying the correct filing fee for this case, depending on whether it is a Chapter 7 filing or a Chapter 11 filing, in full in the correct amount in certified funds payable to the Clerk, United States Bankruptcy Court;
> 4. Addressing the issues described in paragraphs 7, 8, 10 and 11 above in a response by counsel filed with the court and served on the person who is the Alleged Debtor.

Doc. #3, p. 5.

Instead of: 1) filing the Amended Petition, and designating one, and only one, Alleged Debtor; 2) having an entry of appearance made by a licensed attorney; and, 3) paying the filing fee by the court's stated deadline of February 27, 2026, the filings by Nzinga Begum state that these things will be done at

14

some unstated time in the future.

In the "ANSWER TO SPECIFIC SHOW CAUSE ISSUES" that is stated to have been "Filed by Petitioning Creditor Nzinga Begum[10]" [Doc. #6] the following responses to the court's Order to Show Cause were given:

> "1. Rule 9009 Form   Petitioner will file an amended petition on the correct current Official Form B105."

> "2. Rule 9004 Caption   Correction to properly list "United States Bankruptcy Court for the Northern District of Ohio, Western Division (Toledo)."

> "3. Multiple Debtors    Petitioner will clarify and name a single Alleged Debtor in compliance with §303 of the Bankruptcy Code."

> "4-5. Chapter and Debtor Type    Amended filing to specify Chapter 7 and identify the appropriate debtor

> "6. Filing fee   Proper payment will be made by certified funds to the Clerk of the U.S. Bankruptcy Court."[11]

> "9. Representation Requirement    Petitioner will retain licensed counsel to appear and enter an appearance as required."

[Doc. #6, p. 3-4].

All of these are just assertions about actions to be taken by Petitioning Creditors in the future. None of the requirements in the court's Order to Show Cause were met by the court's deadline of February 27, 2026.  In short, the material deficiencies in the Petitioning Creditors' filings have not been corrected.

Further, despite Petitioning Creditor's assertions, under penalty of perjury, about the future corrective actions that would be taken, other pleadings seek to avoid having to take those actions.  These other pleadings filed on behalf of Petitioning Creditors (improperly, by a non-attorney) ask the court to excuse compliance with the requirements of the court's February 11, 2026 Order To Show Cause – the very requirements that Nzinga Begum's "AFFIDAVIT AND ANSWER TO ORDER TO SHOW CAUSE" state will be completed at some future time.

---

[10]/  Nzinga Begum was not listed as a Petitioning Creditor in the original involuntary Petition filed to commence this case.  Nzinga Begum has identified as an attorney-in-fact and/or a fiduciary for Petitioning Creditors, but was never listed as being a Petitioning Creditor.

[11]/  "The petition must be accompanied by the requisite filing fee; installment payments of the fee are not permitted." 2 Collier on Bankruptcy, ¶303.08[3] (16th Ed. 2026).

For example, Petitioning Creditors filed a document [Doc. #9] designated as:

RESPONSE TO ORDER TO SHOW CAUSE

MOTION TO CORRECT CLERICAL ERROR

NOTICE OF EXTENSION OF TIME

AND REQUEST FOR EMERGENCY RELIEF

(hereinafter, "Response"). In their Response, Petitioning Creditors (improperly, through Nzinga Begum, a non-attorney) assert "The involuntary petition filed on February 10, 2026 clearly identified the intended debtor entity." However, the Response does not identify the single Alleged Debtor. Moreover, the claim is also a false statement, as detailed in the court's first Order to Show Cause [Doc. #3] and in this Second Order to Show Cause. The court again notes that five separate Summonses were filed with the court, reflecting at least five separate Alleged Debtors. [Doc. #12]. In addition, there is a new Alleged Debtor (or Alleged Debtors) listed in the caption of the "Notice of Leave to Add Matrix and Extend Time To Pay Fee – CT Corporation System, et al. [Doc. #11]. Thus, to date, there has been no identification of the Alleged Debtor.

The Petitioning Creditors also "respectfully request that the Court correct the record to reflect the full and accurate identity of all named debtors as originally filed." [Doc #9, p. 2]. First, there is no indication of what "debtors" are not correctly identified. Second, there can only be a single involuntary Alleged Debtor. The required corrective action must be taken by Petitioning Creditors, through the filing of the Amended Petition, using the current version of the Official Form, reflecting the correct name of the court where the Petition was filed, naming a single Alleged Debtor, and accurately stating what type of business entity the Alleged Debtor is. In short, the court will not "correct" its records because the corrections needed are the filing of compliant documents by Petitioning Creditors. Moreover, the Petitioning Creditors have not provided the court with the information necessary to make such corrections, if it were proper for the court to do so – which it is not.

On the other hand, it appears that the Petitioning Creditors have asserted facts that may provide a basis for venue in this court. [Doc. #9, p.3]. And, Nzinga Begum has represented that Petitioning Creditors have selected a chapter of the Bankruptcy Code that they wish to proceed under. [Doc. #9, p.3]("Petitioners request that the involuntary petition be treated pursuant to Chapter 7 under 11 U.S.C. § 303, as originally intended, . . . .").

Based on the court's citations to the record in this case, and the applicable law as set forth in this

16

Second Order to Show Cause, it is:

**ORDERED** that Petitioning Creditors shall comply with Federal Rule of Bankruptcy Procedure 9009 by filing an Amended Petition with this court on the current version of the Official Form for such petition on, or before, March 16, 2026.

**IT IS FURTHER ORDERED** that the Amended Petition shall comply with Federal Rule of Bankruptcy Procedure 9004 by properly listing the court in which the case was filed in the Amended Petition as: "United States Bankruptcy Court for the Northern District of Ohio, Western Division (Toledo)."

**IT IS FURTHER ORDERED** that the Amended Petition shall designate, using the appropriate check box, what chapter of the Bankruptcy Code the Petitioning Creditors wish to have the above captioned case proceed under.

**IT IS FURTHER ORDERED** that if an Amended Petition is filed, the Amended Petion shall name one, and only one, Alleged Debtor, and will comply with the law as set forth in this Second Order To Show Cause.

**IT IS FURTHER ORDERED** that on, or before, March 16, 2026, full payment of the filing fee in certified funds will be made to The Clerk, United States Bankruptcy Court.

**IT IS FURTHER ORDERED** that a licensed attorney must make an appearance on behalf of Petitioning Creditors by filing the statement required by Federal Rule of Bankruptcy Procedure 9010(b). The 9010(b) statement shall be filed on, or before, March 16, 2026.

**IT IS FURTHER ORDERED** that no further requests by Petitioning Creditors for extensions of time, or relief from the requirement of compliance with the provisions of this Second Order to Show Cause, will be granted.

**IT IS FURTHER ORDERED** that failure to comply with any of the above Orders will result in dismissal of Petitioning Creditors' involuntary Petition without further Notice or Hearing.

**IT IS FURTHER ORDERED** that if the Petitioning Creditors' involuntary Petition is Dismissed, the court will retain jurisdiction to determine: 1) Federal Rule of Bankruptcy Procedure 9011 sanctions; 2) actual and punitive damages against Petitioning Creditors under 11 U.S.C. Section 303(i); and 3) remedies for any affected Alleged Debtor under 11 U.S.C. Section 303(k).

17