**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated:  April 9 2026**

_____
John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 26-30246 |
| | ) | |
| SFR ATL OWNER 1,L.P., SFR ATL OWER 1 GP, L.L.C., | ) | Chapter 7, Involuntary |
| | ) | |
| | ) | Judge John P. Gustafson |
| And, | ) | |

STAR 2021-SFR2 Borrower GP, L.L.C.,

Alleged Debtor(s).

And either Alleged Debtors or Alleged "a.k.a." designations:

Catherine Wolfe, Invitation Homes, Mainstream, Dekalb County Sheriff Office, Dekalb County Police Department, Dekalb County Magistrate Courts, William Curphey Essex Ti, Roszina Jones, Jewell E. Williams, Johnie F. Jones, and Brian Kendelan

<u>**ORDER DENYING PETITIONING CREDITOR'S MOTION FOR LEAVE TO PROCEED ON APPEAL IN *FORMA PAUPERIS***</u>

This matter comes before the court on Appellant Nzinga Begum's Motion to proceed in *forma pauperis* under 28 U.S.C. § 1915(a) on her appeal to the district court. [Doc. #31]. The court previously issued an Order of Dismissal on March 20, 2026, [Doc. #21], after the Petitioning Creditors failed to cure the deficiencies outlined in the court's Order to Show Cause [Doc. #3] and the court's Second Order to Show Cause. [Doc. #13]. Subsequently, Nzinga Begum ("Appellant") filed a Notice of Appeal, electing to have the case heard by the District Court, [Doc. #25]. The Notice of Appeal was followed by twelve more filings asserting various claims. [Doc. ##30-41].

Courts are divided as to whether a bankruptcy court has the authority to waive fees under 28 U.S.C. § 1915(a) for a non-debtor initiating an appeal. 1 Collier ¶ 9.05[2] (16th 2026). Because the issue is non-dispositive in the present matter, for the purpose of this Order the court will assume that bankruptcy courts have the power(s) set forth in 28 U.S.C. §1915. However, the court will deny Appellant's Motion based upon a lack of good faith, and will further certify to the District Court under §1915(a)(3) that the appeal is not taken in good faith.

Section 1915(a)(3) requires that "[a]n appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Under this provision, good faith is reviewed under an objective standard. *Randolph v. Unico Integrated Facilities Servs. Cargill*, 2012 WL 1022264 at *3, 2012 U.S. Dist. LEXIS 40947 at *13 (W.D. Tenn. Mar. 24, 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)); *United States v. Merritt* (*In re Merritt*), 186 B.R. 924, 930 (Bankr. S.D. Ill. 1995)("The 'good faith' requirement is an objective one based on the legal merit of the issues sought to be appealed."); *In re Byers*, 520 B.R. 246, 249–50 (Bankr. S.D. Ohio 2014) (applying §1915(a) to an application for in *forma pauperis* status in connection with an appeal in an adversary proceeding); *In re Smith*, 499 B.R. 555, 556 (Bankr. E.D. Mich. 2013)(same).

A person seeking to proceed with an appeal in *forma pauperis* is required to submit an affidavit stating income and listing assets, thereby showing that the person is unable to pay the litigation fees.[1] 28 U.S.C. §1915(a)(1). If the affidavit with the required information is filed, the trial court must ascertain

---

[1] It is not clear that the Affidavit filed by Nzinga Begum [Doc. #31] complies with the requirements of 28 U.S.C. §1915(a)(1). While it is not clear if it applies to bankruptcy appeals, the use of "Form 4" is generally required to accompany a request for waiver of the filing fee. This form Affidavit requires disclosure of actual income figures, not just generalized statements regarding Appellant's financial situation. As an initial issue, it is questionable whether Document #31 is legally sufficient.

both the individual's pauper status and the merits of the appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999). Even if the party can show an inability to pay, however, "[a]n appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). The "good faith" standard has been described variously as meaning that the appeal is not frivolous; or that it presents a substantial question. *See*, *Knittel v. I.R.S.*, 795 F.Supp.2d 713, 721 (W.D.Tenn.2010)("whether the litigant seeks appellate review of any non-frivolous issue."); *United States v. Merritt (In re Merritt )*, 186 B.R. 924, 930 (Bankr.S.D.Ill.1995)("The 'good faith' requirement is an objective one based on the legal merit of the issues sought to be appealed.")(citations omitted); *In re Meuli*, 162 B.R. 327, 329 (Bankr. D. Kan.1993)("'[B]efore permitting an appeal to be brought in *forma pauperis*, the court shall require a certification by the bankruptcy judge that the appeal is not frivolous and does present a substantial question.'")(citation omitted).

Here, there appear to be no non-frivolous issues for Nzinga Begum to appeal. First, the court notes that there is similar litigation on appeal in Georgia that was initially filed prior to the commencement of this proceeding. In that case, the Bankruptcy Court found the attempted involuntary filing to be so facially deficient that the proceeding was opened on a miscellaneous docket, and not as an involuntary bankruptcy case. *See*, *In re Jubabes Heating & Cooling, LLC*, 2025 WL 376346, 2025 Bankr. LEXIS 3347 (Bankr. S.D. Ga. Dec. 30, 2025)[S.D. Georgia (Augusta) Misc. Proc. #25-00101-SDB).[2] While the dismissal of that case is on appeal, meaning that the Bankruptcy Court's orders are not final and non-appealable, there is a concerning overlap of the present case and the Georgia proceeding.

Turning specifically to the deficiencies in this proceeding, Nzinga Begum's appeal of the dismissal of the Involuntary Petition is frivolous because: 1) she was not listed as a Petitioning Creditor in the case, making her standing to appeal questionable; 2) the filing fee was not paid prior to dismissal, and no Bankruptcy Code provision permits a waiver, or even installment payments, in an involuntary bankruptcy; 3) an Involuntary Bankruptcy Petition can only be filed against one entity, but the pleadings indicated that the Involuntary Petition was filed against a number of entities, and nothing was filed prior to dismissal to designate a single person or entity as the Alleged Debtor; 4) all four Petitioning Creditors are business entities, not individuals. Accordingly, they cannot litigate an Involuntary Bankruptcy without counsel.

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)(quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)); *In re Anthony*, 664 B.R. 418, 435 (Bankr. S.D. Ohio 2024)(a court "may take judicial notice of filings on its own docket, those of other courts, or in other public offices.").

[Doc. #13, pp. 8-13]. No entry of appearance was filed by counsel prior to the dismissal of the Involuntary Bankruptcy case; 5) the court issued two Orders to Show Cause listing a number of deficiencies in the filed pleadings. [Docs. ##3 & 13]. None of the problems, other than determining the Chapter the case should proceed under, were addressed prior to dismissal; 6) Nzinga Begum has made a number of assertions, including that she has Native American rights/has some interest in "Indian Trust Property", a post-dismissal assertion that an Indian Burial Ground [Doc. #37] is – somehow – related to this case through one or more of the Alleged Debtors, and that she is a child support creditor. None of these assertions are legally relevant to the substance of the appeal of the dismissal of the Involuntary case, and none of her assertions have been supported by evidence other than her "Affidavits".; 7) Federal Rule of Bankruptcy Procedure 1013(a) requires that a court shall determine the issues of a contested petition "at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate relief." *See*, *Riverview Trenton R.R. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 948 (6th Cir. 2007). The reinstatement of the Involuntary proceeding – which was filed on February 2, 2026 and dismissed 46 days later on March 20, 2026 – would still leave the Involuntary case in the same untenable position it was just prior to dismissal, with no clearly designated Involuntary Debtor to serve a Summons on in order to commence a corresponding duty to respond, with the Bankruptcy Code's automatic stay arguably applicable to multiple entities (at least two of which as not eligible to be Involuntary Debtors), and Petitioning Creditors that are required to act through counsel to fix these issues, but those entities did not have counsel at the time the case was dismissed.

For all of these reasons, this court finds that the Motion for Leave to Proceed on Appeal in *Forma Pauperis*, to the extent direct to this court, should be denied. This court further finds that it is proper to certify that the appeal in this action is not filed in good faith as required by 28 U.S.C. Section 1915(a).

Accordingly, it is

**ORDERED** that the Motion for Leave to Proceed on Appeal in *Forma Pauperis* [Doc. #31] be, and is hereby, Denied.

**IT IS FURTHER ORDERED** that the court certifies to the District Court that under 28 U.S.C. §1915(a), Appellant's appeal of the Order or Orders related to the Involuntary Petition, and the dismissal of case 26-30246, are not taken in good faith.

4