**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: May 12 2026**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 26-30246 |
| | ) | |
| SFR ATL OWNER 1,L.P., SFR ATL OWER 1 GP, L.L.C., | ) | Chapter 7, Involuntary |
| | ) | |
| | ) | Judge John P. Gustafson |
| And, | ) | |

STAR 2021-SFR2 Borrower GP, L.L.C.,

Alleged Debtor(s).

And either Alleged Debtors or Alleged "a.k.a." designations:

Catherine Wolfe, Invitation Homes, Mainstream, Dekalb County Sheriff Office, Dekalb County Police Department, Dekalb County Magistrate Courts, William Curphey Essex Ti, Roszina Jones, Jewell E. Williams, Johnie F. Jones, and Brian Kendelan

<u>**ORDER DENYING NZINGA BEGUM'S MOTION FOR RECONSIDERATION**</u>

This matter comes before the court on Petitioning Creditor-Appellant Nzinga Begum's Motion for Reconsideration of Order Denying Motion to Proceed in Forma Pauperis and Certifying Lack of Good Faith and related documents. [Doc. #50]. The court previously denied Petitioning Creditor's Motion for Leave to Proceed on Appeal in Forma Pauperis, [Doc. ##42, 43], after issuing an Order of Dismissal for the above captioned involuntary Chapter 7 bankruptcy petition on March 20, 2026. [Doc. #21].

Subsequently, this court denied a Motion for Leave to Appeal In Forma Pauperis filed by "Plaintiff-Appellant,[1] Nzinga Begum, appearing pro se, . . ." [Doc. #38, p. 1]. The court reviewed the proposed appeal under 28 U.S.C. §1915, and denied waiver of the filing fee, and found the appeal frivolous. The only amendment the court would make to that Order is to specifically reference §1915(e)(2), which applies to non-prison *pro se* litigants. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Motion for Reconsideration was filed by Appellant Nzinga Begum, asserting that the court should reconsider its decision. [Doc. #43]. Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment." *Banister v. Davis*, 590 U.S. 504, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020). "Bankruptcy Rule 9023 makes Rule 59 of the Federal Rules of Civil Procedure generally applicable in bankruptcy cases." *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (6th Cir. BAP 2008). The Rule gives a court the chance "to rectify its own mistakes in the period immediately following" its decision. *Id*. (citation omitted); *accord Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

A motion under Rule 59(e) is not to be treated as an opportunity to re-argue a case. *Howard*, 533 F.3d at 475 (explaining that "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'")(citation omitted); *Bank of Ann Arbor v. Everest Nat'l Ins. Co*., 563 F. App'x 473, 476

---

[1]/ It is unclear why Nzinga Begum would be a "Plaintiff". She was not listed as a Petitioning Creditor on the Involuntary Petition and Petitioning Creditors are not "Plaintiffs". If Nzinga Begum is a Plaintiff against CT Corporation System in some other court, it is not reflected in the record.

(6th Cir. 2014)); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). The party seeking reconsideration cannot simply seek a second bite of the apple and movant bears "[t]he burden of demonstrating the existence of a manifest error of fact or law." *In re Nosker*, 267 B.R. 555, 565 (Bankr. S.D. Ohio 2001). Altering or amending a judgment is an extraordinary remedy and should be granted sparingly with the disposition of such a motion being entrusted to the court's discretion. *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008).

The moving party "may offer any of four reasons for the alteration or amendment: (1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 833 (6th Cir. 2019)(citation omitted); *see also*, *Howard*, 533 F.3d at 475; *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Nothing in the filings by Appellant Nzinga Begum meets these criteria. The appeal stems from the dismissal of an involuntary bankruptcy proceeding that was improperly filed against multiple alleged debtors, not including "CT Corporation System and related entities", the entity or entities that Appellant now asserts are – somehow – the proper Alleged Debtor(s). [Doc. 50, p. 3]. No amendment was filed to replace the entities listed as Alleged Debtors in the original Involuntary Petition.[2] Moreover, Nzinga Begum was not listed a Petitioning Creditor, but rather filed documents – improperly, as a non-attorney – for the business entities who were listed as the Petition Creditors.

An involuntary Chapter 7 bankruptcy allows undisputed creditors to force an individual or business entity into liquidation under the supervision of the bankruptcy court. While Appellant may believe that there is some basis for her appeal, viewed objectively, she is not even alleging a basis for meeting the criteria for meeting the requirements of §303(b)(1).

---

[2]/ As detailed in the court's Second Order to Show Cause, an involuntary proceeding may only be filed against a single alleged debtor. [Doc. #13, pp. 2-5.].

One of the requirements for a viable involuntary bankruptcy against an entity with more than 12 creditor is that there must be three Petitioning Creditors with "a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, . . ." §303(b)(1). The assertions of Appellant do not appear to reflect claims that are not subject to bona fide dispute as to liability or amount. The asserted "claims" – for hereditary property rights, Native American claims, or child support – are not based on court judgments or otherwise acknowledged debts. Appellant's own pleadings appear to assert that "The object of said suit is to determine ownership, interests, and/or right to quiet title regarding the aforementioned property."[3] [Doc. #36]. In contrast, the petitioning creditors in an involuntary bankruptcy are statutorily required to hold claims that are NOT in dispute, either as to liability of amount, and therefore do not need to be "determined". §303(b)(1).

Similarly, in the Motion for Reconsideration, Appellant asserts: "The underlying dispute includes bona fide questions of title, trust administration, and creditor standing, which are substantial issues of law and fact deserving of judicial review." Again, these assertions weigh against finding a non-frivolous basis for reconsidering dismissal because an involuntary bankruptcy must be filed by the holders of claims that are NOT subject to bona fide dispute. §303(b)(1). If Appellant is seeking to vindicate disputed claims, an involuntary bankruptcy is the wrong forum to attempt to litigate such disputes. Instead, involuntary bankruptcy is a potential remedy after the disputed claims have been resolved in other court proceedings.

The court further notes that Appellant seeks to file an appeal in a case where she was not a party, but was, instead, a non-attorney seeking to improperly represent business entities that were themselves the original Petitioning Creditors.

Finally, Appellant has not provided the financial information needed to grant the In Forma Pauperis application. Instead, as has been the pattern by Nzinga Begum in this case, there is a request for leave to comply at some future date. The financial information provided to the court in support of the

---

[3]/ The property listed in the "Notice of Lis Pendens" [Doc. #36] is "12020 Lavida Ave. St. Louis, MO 63128". In the Motion for Reconsideration, as part of Exhibit A, "Aboriginal Allodial Fee Simple Title", under "Schedule of Ancestral Lands & Tracts", property is listed at "12020 Lavida Ave. Spanish Lake, MO". [Doc. #50, p. 9].

4

request to waive the filing fee for the appeal was insufficient, and no additional financial information has been provided by Appellant.

In short, nothing has been filed or asserted in the Motion for Reconsideration that would alter the court's decision to deny the Application for waiver of the filing fee for the appeal of the dismissal of the above captioned involuntary bankruptcy case. Accordingly, Motion for Reconsideration, and related documents, will be Denied.

**IT IS SO ORDERED.**

###